UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA, | No. C-11-03696 DMR |
| Plaintiff, | **ORDER TRANSFERRING CIVIL ACTION** |
| v. | |
| MARIA LOPEZ, | |
| Defendant. | |

On July 27, 2011, defendant Maria Lopez, proceeding *pro se*, filed a Notice of Removal under 28 U.S.C. § 1446 and an Application to Proceed In Forma Pauperis. [Docket Nos. 1, 2.] The underlying complaint is an unlawful detainer action that was filed in Sacramento County Superior Court on May 11, 2010. (Compl.) Plaintiff alleges that "[t]he real property, possession of which is sought in this action, is situated in Sacramento County, California[.]" (Compl. ¶ 2.) The face of the Complaint unequivocally states that the "AMOUNT DEMANDED DOES NOT EXCEED $10,000." (Compl.)

Title 28 U.S.C. § 1446 requires that a

> defendant or defendants desiring to remove any civil action or criminal prosecution from a State court *shall file in the district court of the United States for the district and division within which such action is pending* a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

1  28 U.S.C. § 1446(a) (emphasis added).

2  Here, the real property that is the subject of the action is located in Galt, California (Compl. ¶ 2), which is in Sacramento County, California, within the boundaries of the Eastern District of California. *See* 28 U.S.C. § 84(b). In addition, the defendant named in the underlying Complaint does not reside in the Northern District of California, nor did any of the alleged conduct take place in this District. (*See* Compl. at 1-3.) Finally, as the underlying action is pending in Sacramento County Superior Court, defendant's Notice of Removal should have been filed in the Eastern District of California. *See* 28 U.S.C. § 84(b). In short, the Eastern District of California is the only appropriate venue for the above-captioned action.[1]

In the interests of justice, a federal court may transfer an action filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (holding that the purpose of permitting transfers under § 1406(a) is to prevent the dismissal of actions where the plaintiff has made a good faith error regarding venue); *Pinson v. Rumsfeld*, 192 Fed.Appx. 811, 817 (11th Cir. 2006) (unpublished *per curiam* opinion) ("The decision whether to transfer a case [pursuant to § 1406(a)] is left to the sound discretion of the district court and is reviewable only for an abuse of that discretion.") (internal quotation marks, brackets and citation omitted). Accordingly, this matter shall be TRANSFERRED to the United States District Court for the Eastern District of California.[2]

IT IS SO ORDERED.

Dated: August 8, 2011

_____
DONNA M. RYU
United States Magistrate Judge

---

[1] The court takes no position on whether the action was properly or timely removed to federal court, or whether defendant should be granted leave to proceed *in forma pauperis*.

[2] Although neither party has consented to magistrate judge jurisdiction, an order to transfer venue involves a non-dispositive pretrial matter. *See Paoa v. Marati*, No. 07-00370, 2007 WL 4563938, at *2 (D. Haw. Dec. 28, 2007); *see also* 28 U.S.C. § 636(b)(1)(A) (magistrate judges are authorized by their respective district courts to determine any pretrial matter except for dispositive motions).